UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW L. FAISON,<br>INMATE #038634-G2-203,<br><br>                                         Plaintiff,<br><br>v.<br><br>BRANSTAD; ANDREW LIPMAN;<br>BRIAN THOMPSON; JIMMY WHITE,<br><br>                                         Defendants. | Case No.:  22-cv-1063-MMA (MSB)<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b) AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 2] |

Matthew L. Faison ("Plaintiff"), an inmate incarcerated at the Wakulla Correctional Institution in Crawfordville, Florida and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Doc. No. 1.  Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Doc. No. 2.  Plaintiff claims Defendant "Branstad et al.," an "AT&T Brokerage-Dealer-Boss," has been "constantly conspiring apparently forming a scenario, of his employee(s), to take exclusive control of the commercial television financial market of the international 'Soap Opera' Matt. Faison credential."  Doc. No. 1 at 2.  He claims Defendant Andrew Lipman, a "Cell Phone Brokerage Manager," is liable "For over charging the plaintiff, for ('Jitterbug flip') via constantly conspiring apparently forming a scenario, television financial market of the international 'Soap Opera' Matthew Faison Credential."  *Id*.  He

claims Defendant Brian Thompson, a "motion picture manager-boss," is liable for "not allowing said plaintiff the affordable oportunity [sic] a way to use ('technology equipment') to stimulate economic growth, conspiring with fellow employee(s) not to listen to the Ideal." *Id*. He alleges Defendant Jimmy White, a "Bank-Teller Clerk manager," participated "in all the above factors through a conspiracy." *Id*. Plaintiff alleges all four Defendants reside in the State of California and engaged in "State Action" but without further details. *Id*. at 2–5. Finally, he alleges that:

> The defendant has subject[ed] the real (movie star boss 'Soap Opera') Matthew Faison whom the television media has not reveal [sic] the identity secrete [sic] of Matthew Faison, because he is still in the Dept. of Corr. Territory through intrusion of the defendants, who comitted [sic] a conspiracy because said brokerage ante, Section 2 of this instant compl. They desire [sic] is to take exclusive control of the commercial television financial market of Matthew Faison's credential.

*Id*.

### I. SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. 28 U.S.C. § 1915A(a), (c). The Court is required to dismiss those complaints, or any portion of them, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in

the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quotation marks omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Plaintiff's Complaint fails to plausibly allege the deprivation of, or even identify, a right secured by the Constitution or laws of the United States.  Even if he could overcome that pleading defect, Plaintiff alleges only in a conclusory manner that Defendants were engaged in "state action." *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (explaining that private parties generally do not act under color of state law for purposes of § 1983 liability).  The Complaint presents no *factual* allegations which plausibly allege that the Defendants, who appear to be private individuals employed by private companies, were acting under color of state law.  *Id.*; *see also Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983 claim).

In addition, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations" to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton v Hernandez*, 504 U.S. 25, 32–33 (1992), quoting *Neitzke*, 490 U.S. at 327–28.

Here, the Court finds that Plaintiff's claim that the private party Defendants conspired "not to listen to the Ideal" and thereby prevent him from using technological equipment to stimulate the economy with his credentials as an international soap opera star, "rise to the level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33, and as such, his Complaint requires dismissal without leave to amend as frivolous. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.")

## II. CONCLUSION

Good cause appearing, the Court **DISMISSES** Plaintiff's Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A without leave to amend and **DENIES** Plaintiff's Motion to Proceed IFP as moot. The Court further **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED**.

Dated:  August 23, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge