UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LEVI FAISON, JR, INMATE #03634-G1-203,<br><br>                              Plaintiff,<br><br>vs.<br><br>BRANSTAD; ANDREW LIPMAN; BRIAN THOMPSON; JIMMY WHITE,<br><br>                              Defendants. | Case No.  22-cv-1063-MMA (MSB)<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Doc. No. 5] |

On July 7, 2022, Plaintiff Matthew L. Faison, an inmate incarcerated at the Wakulla Correctional Institution in Crawfordville, Florida, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis.  Doc. Nos. 1–2.  Plaintiff claimed that private party Defendants conspired "not to listen to the Ideal" and thereby prevented him from using technological equipment to stimulate the economy with his credentials as an international soap opera star.  Doc. No. 1 at 2–5.  On August 23, 2022, the Clerk of Court entered a final judgment after the Court dismissed the Complaint without leave to amend as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A, denied the motion to proceed in forma pauperis as moot, and certified that an in forma pauperis appeal would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  Doc. Nos. 3–4.

On September 19, 2022, Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e). Doc. No. 5. Plaintiff contends in an entirely conclusory manner that his Complaint states a claim, but even if it does not, he should be allowed to amend in an attempt to state a claim. *Id*. at 1.

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment), or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment, as Plaintiff's motion here has been; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). In addition, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . . ." S.D. Cal. CivLR 7.1(i).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). Nevertheless, a motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Calderon*, 197 F.3d at 1255. Further, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.  However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc.*, 229 F.3d at 890 (internal quotation marks omitted).

Here, Plaintiff's motion for relief from judgment is timely considered under both Local Rules 7.1(i) and Rule 59(e) because it was submitted within 28 days of the entry of judgment.  *See* S.D. Cal. CivLR 7.1(i)(2); Fed. R. Civ. P. 59(e).  Plaintiff disagrees with the Court's determination that his Complaint fails to state a claim and seeks an opportunity to amend.  Doc. No. 5 at 1.  But "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1133 n.5 (9th Cir. 2020) (citation omitted).

Ordinarily, a plaintiff may not use a Rule 59(e) motion to present arguments or make claims that could have been presented earlier.  *See Kona Enterprises, Inc.*, 229 F.3d at 890.  Federal Rule of Civil Procedure 15(a) provides that leave to amend be freely given whenever justice so requires, and "a district court should grant [a pro se litigant subject to § 1915(e)(2) screening] leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  The Court found in its prior dismissal Order that the Complaint could not be cured by additional allegations, and Plaintiff has presented no argument or new allegations which challenge that finding, merely an entirely conclusory disagreement with the Court's findings, which is insufficient to provide relief under Rule 59(e).

In addition, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . . ." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*. Plaintiff has made no such showing.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to Alter or Amend the Judgment, **RE-CERTIFIES** that an IFP appeal from either this or the Court's August 23, 2022 Order would be frivolous and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to terminate this civil action.

**IT IS SO ORDERED**.

Dated: September 26, 2022

HON. MICHAEL M. ANELLO
United States District Judge