UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LEVI FAISON, JR, INMATE #03634-G1-203,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRANSTAD; ANDREW LIPMAN; BRIAN THOMPSON; JIMMY WHITE,<br><br>　　　　　　　　　　　Defendants. | Case No.  22-cv-1063-MMA (MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**<br><br>[Doc. No. 7] |

On July 7, 2022, Plaintiff Matthew L. Faison, an inmate incarcerated at the Wakulla Correctional Institution in Crawfordville, Florida, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Doc. No. 1.  On August 23, 2022, the Clerk of Court entered a final judgment after the Court dismissed the Complaint without leave to amend as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A ("Dismissal Order").  Doc. Nos. 3–4.  On September 26, 2022, the Court issued an order denying Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) ("Reconsideration Order").  Doc. No. 6.  The Court incorporates both the Dismissal Order and Reconsideration Order by reference here.  Plaintiff now asks the Court to reopen his case, asserting that newly discovered, previously unavailable evidence warrants such relief.  Doc. No. 7.  Because Plaintiff references the newly discovered

evidence basis for Federal Rule of Civil Procedure 59(e) relief, *see id.* at 1, the Court treats his request as a motion to reconsider the Court's Final Judgment, Dismissal Order, and/or the Court's Reconsideration Order.

Plaintiff cannot file successive motions for reconsideration and raise the same arguments or those that could have been raised previously. *See, e.g.*, *Wages v. IRS*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990); *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (holding that successive Rule 59(e) motions are improper because "[w]ere such motions permitted, it is conceivable that a dissatisfied litigant could continually seek reconsideration and prevent finality to the judgment"); *Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2010) (holding that "a motion for reconsideration and a successive Rule 60(b) motion ... are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion"); *see also Terry v. Quijote*, No. 19-cv-00401-DKW-RT, 2020 U.S. Dist. LEXIS 101024, at *3 (D. Haw. June 9, 2020), *aff'd*, 848 F. App'x 736 (9th Cir. 2021). Nonetheless, the Court has considered Plaintiff's motion and finds that he is not substantively entitled to the relief he seeks. His motion, again, cures none of the deficiencies noted in the Dismissal Order. The Court previously found that his Complaint could not be cured by additional allegations, and Plaintiff presents no new argument, allegations, or evidence which challenge that finding. For example, even assuming the information he provides in his motion is newly discovered, *see Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (identifying "newly discovered or previously unavailable evidence" as a basis for Rule 59(e) relief); Fed. R. Civ. P. 60(b)(2) (providing for relief from judgment or order where the moving party identifies "newly discovered evidence"); CivLR 7.1(i)(1) (requiring a party seeking reconsideration to set forth "what new or different facts or circumstances are claimed to exist"), he still does not plausibly allege that "Mr. Leg. Mason," a newspaper analyst, *see* Doc. No. 7 at 2, or any other previously or newly named defendant for that matter, was acting under color of state law. To that end, his

"newly discovered" information does not warrant reconsideration but again "rise[s] to the level of the irrational or the wholly incredible." *Denton v Hernandez*, 504 U.S. 25, 33 (1992).

In sum, Plaintiff fails to demonstrate that he is entitled to relief under either the Federal Rules of Civil Procedure or the Civil Local Rules.  Accordingly, the Court **DENIES** Plaintiff's motion, **RE-CERTIFIES** that an IFP appeal from this order, the Dismissal Order, the Court's August 23, 2022 Judgment, or the Reconsideration Order, would be frivolous and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to terminate this civil action.

**IT IS SO ORDERED**.

Dated:  October 20, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge